IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. |
| | ) | 1:26-CR-225-SDG-LRS |
| SHYWEAN HORN | ) | |
| | ) | |

**AMENDED MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH EXECUTION OF SEARCH WARRANT FOR TWO APPLE IPHONES**

COMES NOW the Defendant, SHYWEAN HORN, by and through his undersigned counsel, and files this motion to suppress evidence obtained through execution of a search warrant on two Apple Iphones.[1] In support of this motion, Mr. Horn states the following.

Factual Background

Mr. Horn is under indictment for two offenses: (1) possession of at least four hundred grams of fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A) and 841(a)(1); (2) using and carrying a firearm during in relation to a drug-trafficking crime in violation of 18 U.S.C. 924(c)(1)(A). Mr. Horn was arrested

[1] Mr. Horn will provide a copy of the search warrant and the supporting application and affidavit directly to the Court.

on March 27, 2026. On that day, Georgia State Patrol officers seized two Iphones from Mr. Horn's vehicle. On April 29, 2026, DEA Special Agent Kevin Coleman applied for and obtained a warrant to search those two cellular telephones.[2]

Argument and Citation of Authorities

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const., Amend. IV. An affidavit provided in support of a search warrant application must set forth particular facts and circumstances sufficient for a neutral and detached judicial officer to make an independent assessment of whether probable cause exists. Birchfield v. North Dakota, 1365 S.Ct. 2160, 2181 (2016); Franks v. Delaware, 438 U.S. 154, 165 (1978). Probable cause to search exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause requires more than a hunch of criminal activity. United States v. West, Unpublished, 806 Fed. Appx. 892, 898 (11th Cir. April 3, 2020). The warrant affidavit must

[2] Content or data from searches of those phones has not yet been provided in discovery.

provide substantial basis for a finding of probable cause. Id. at 239. Wholly conclusory statements do not meet that requirement. Id.; see also United States v. Underwood, 2011 WL 2415544 (C.D. CA 2011).

A search warrant must be voided and the fruits of the search excluded when the search warrant affidavit contains a false statement made knowingly and deliberately or with reckless disregard for the truth that is material to the determination of probable cause. See Franks, supra at 162-171. When the police "engage in a search outside the proper scope (whether that scope be defined by a warrant or by circumstances), evidence obtained in that search may be excluded." United States v. Hendrixson, 234 F.3d 494, 497 (11th Cir. 2000).

Mr. Horn challenges the validity of the search warrant on multiple grounds. First, the search warrant affidavit fails to establish probable cause for the issuance of a search warrant. The probable cause finding hinges in large part on the reliability of the statements of Josue Pacheco implicating Mr. Horn in the offense conduct. However, the search warrant affidavit provides an insufficient basis to establish the reliability of Josue Pacheco's statements.

The search warrant affidavit also exaggerated conduct on Mr. Horn's part, which was presented as indicating his involvement in the drug-trafficking crime. Some assertions contained in the search warrant affidavit are contradicted by Airwing

surveillance videos that have been provided in discovery. The videos do not show Mr. Horn driving around his neighborhood as if he was looking for someone before leaving the neighborhood to go to Walmart. The video also does not show Mr. Horn driving very slowly in an apparent effort to see if he was being followed after he left the Walmart. Although the Airwing video Mr. Horn does show that Mr. Horn moved the box from the curb to the backyard, the affidavit inaccurately indicates that the box remained in the backyard. Mr. Horn brought the box back from the backyard and left it by the garage door to the residence.

In support of the assertion of probable cause, the affidavit also references items that were seized the Georgia State Patrol's search of Mr. Horn's vehicle. However, Mr. Horn posits that the stop and search of the vehicle were unlawful under the Fourth Amendment. Therefore, the fruit of that search should not be considered as basis for probable cause for a search of the phones.

Fourth, Mr. Horn challenges the scope of the searches that law enforcement conducted on the Iphones. The search warrant authorized a search for "[a]ll records and information on the SUBJECT DEVICES described in Attachment A, from March 1, 2026, to March 27, 2026, that constitute evidence of violations of Title 21, United States Code, Sections 841 and 846 including, but not limited to [certain enumerated items.]" Discovery provided regarding extractions on the phones include at least one

photograph that is beyond the temporal scope for which the Government was authorized to search.

For these reasons, Mr. Horn moves the Court to suppress the evidence that the Government seized and obtained from the two Iphones. Mr. Horn also moves the Court to suppress all evidence which the Government seized or collected that is outside the parameters authorized by the search warrant. Mr. Horn further moves the Court to suppress as fruit of poisonous tree any evidence that the Government obtained derivatively through the searches of the Iphones or through searches that were beyond the scope authorized by the search warrant. See Wong Sun v. United States, 371 U.S. 471, 484-485 (1963).

WHEREFORE, Mr. Horn respectfully requests that the Court grant this motion to suppress evidence obtained through execution of the search warrant for the phones. Mr. Horn requests leave of the Court to supplement this motion.

Dated: This 28th day of September, 2026.

Respectfully submitted,

*s/ Kendal D. Silas*
KENDAL D. SILAS
State Bar of Georgia No. 645959
Attorney for SHYWEAN HORN

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303; 404/688-7530

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Suppress Evidence Obtained Through Execution of Search Warrant for Two Iphones was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

Kendall Runyan, Esq.
Assistant United States Attorney
Northern District of Georgia
Federal Courthouse, Ste. 600
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Dated: This 4th day of September, 2026.

s/ *Kendal D. Silas*
KENDAL D. SILAS, Esq.
Attorney for SHYWEAN HORN